**Jay C. BLAND, Jr., Appellant,**

**v.**

**Karen Jane BLAND, Appellee.**

**No. 450.**

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 23, 1969.

Rehearing Denied Feb. 13, 1969.

Phillip L. Cyphers, Pasadena, for appellant.

Welborn, Britt & Kelly, Wm. Carroll Kelly, Jr., Alvin, for appellee.

## OPINION

SHARPE, Justice.

This is a suit for divorce and property division instituted on November 17, 1967 in the district court of Wharton County, Texas, by Karen Jane Bland, appellee, against Jay C. Bland, Jr., appellant.

The case was heard by the judge, sitting without a jury, on February 23, 1968, at which time judgment was pronounced granting a divorce to appellee, awarding her custody of the minor child of the parties, providing for child support payments by appellant, and adjudging ownership of various properties. Formal judgment was signed and entered on March 29, 1968.

Appellant filed an original answer denying that portion of appellee's petition which alleged grounds for divorce. Thereafter, with approval of the court, appellant's first attorney withdrew and the present attorney for appellant was substituted as his counsel. On February 23, 1968, when the case was heard by the court, neither appellant or his attorney appeared. On March 4, 1968 appellant filed a motion for new trial, alleging the following grounds:

"I.

"Your Defendant would show that on February 22, 1968, notification was given to the Court Reporter that this matter would be a contested matter, at that time, counsel for the Defendant was advised that it would be unnecessary to appear and that the matter be set down at a later date on the contested docket. The Defendant did not appear nor did the attorney for the Defendant appear.

"II.

"The Defendant would show that he has a meritorious and good defense to this action for divorce.

"III.

"Defendant would further show that there is substantial property and he should be entitled to a hearing hereon.

"IV.

"Your Defendant would show that this Motion is made in order that justice be served and not to delay this matter."

On April 25, 1968, the trial court held a hearing on appellant's motion for new trial and orally overruled it. Formal order evidencing such action was not filed until June 27, 1968. The effect of this on the appellate time table is that the motion for new trial was overruled by operation of law on the 45th day after entry of judgment. Rules 329b, 306c, Texas Rules of Civil Procedure. Appellant perfected his appeal and filed the record in this Court within 60 days thereafter. The record consists of the clerk's transcript and a

statement of facts on the motion for new trial. At the time of the original hearing on February 23, 1968 and on the hearing of appellant's motion for new trial conducted on April 25, 1968, Honorable John Patterson was Presiding Judge of the 130th Judicial District Court by administrative assignment.

Appellant has not complied with the applicable briefing rules in a number of respects. Appellee has called attention to such failure, but has expressly declined to request remedial action and has replied as far as possible to the contentions apparently made by appellant.

Appellant urges four points of error in support of his basic contention that a new trial should be granted. The first three points, as we understand them, assert in substance that the trial court erred in hearing the case on February 23, 1968 because such action violated the local rules of court, particularly Rules 1A and 2, as well as Rule 330, T.R.C.P., and because the case was not transferred from the 23rd District Court to the 130th District Court. Appellant's fourth point asserts that he was and is entitled to a new trial because his counsel was led to believe that the case could not and would not be heard on Friday, February 23, 1968, because it was a contested matter.

Rules 1, 1A and 2 of the local rules for the 23rd and 130th District Courts of Brazoria, Ft. Bend, Matagorda and Wharton Counties, read as follows:

"1. In view of the number of counties served by the 23rd and 130th District Courts, and since the Judges are furnished no secretaries except their respective reporters, requests for settings shall be made to the Court Reporters of each Court. Cases shall be set in the order in which requests are received. Odd numbered cases shall be set in the 23rd District Court, even numbered cases in the 130th District Court. Unless permission is granted by the Judge to try a given case in another Court, the Court of trial

of jury or non-jury cases shall be determined by whether the number of the case is odd or even.

"1A. The first four Fridays of each month are set aside for uncontested divorces, temporary injunctions and other ancillary matters, and such matters may be heard by the Court sitting. The 23rd and 130th Courts alternate each three months as to Counties. The first Friday is allocated to Brazoria County; the second to Ft. Bend; the third to Matagorda; and the fourth to Wharton.

"2. The attorney requesting a setting shall give not less than 30 days notice of such setting to opposing Counsel, unless such notice is by written agreement waived. Nothing herein contained shall apply to temporary orders, nor is it intended to contravene any Rule of Civil Procedure promulgated by the Supreme Court or any Statute to the contrary."

On the hearing of appellant's motion for new trial testimony was given by counsel for appellant, counsel for appellee, the District Clerk of Wharton County, Texas, and the Court Reporter of the 130th District Court. The testimony of the attorneys was in substance as follows: Counsel for appellee gave written notice to present counsel for appellant by letter dated February 7, 1968 that the case was set for hearing on February 23, 1968, which setting had been secured from the Court Reporter in accordance with Local Rule 1. Prior to substitution of attorneys for appellant, counsel for appellee had given 30 days notice of a setting to appellant's former attorney. On February 22, 1968, counsel for appellant talked on the telephone with counsel for appellee concerning the setting for the following day. Counsel for appellant advised counsel for appellee that the case would be contested, unless it could be settled, and the case might have to be tried before a jury, although no demand had been made for same. Counsel for appellant was advised by counsel for appellee that appellee would be ready for trial on

February 23, 1968, and if the case could not be tried in one day appellee desired to begin the hearing on that date.

Counsel for appellant testified among other things that he had a telephone conversation with the Court Reporter of the 130th District Court on February 22, 1968 in which the latter advised that a contested hearing would not be held on Friday (the next day) if it required more than 10 or 15 minutes, and upon being told by appellant's counsel that the hearing would require at least a day and a half, told said counsel he need not appear on the February 23rd and that he would be advised about a setting for March 4th, and further suggested that counsel for appellant call counsel for appellee, which was not done. The Court Reporter for the 130th District Court testified that he had a telephone conversation with counsel for appellant concerning a setting of the case, but could not fix the date of same nor recall the details of the conversation. However, the Court Reporter positively testified that he had not advised counsel for appellant that he did not have to appear in a contested case; that he did not have the power to grant a continuance; that he had never told a lawyer he did not have to appear or that the reporter would advise opposing counsel of such facts; that only the Presiding Judge had the power to relieve a lawyer from appearing when a case was set and the reporter did not assume such obligation. Counsel for appellant conceded that he understood that only the judge could promise a continuance; and that no motion for continuance had been filed on behalf of appellant.

■ Rule 1A of the local rules of court here involved does not prevent trial of contested matters on any of the first four Fridays of each month in addition to the other proceedings mentioned in it. In addition, Rule 330(b), T.R.C.P. provides in part as to contested cases that

"* * * on motion of either party, or on the court's own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation. * * *"

■ The evidence is legally and factually sufficient to establish that appellant, through his attorney, had adequate notice of the hearing set for February 23, 1968, and that the lower court properly proceeded to try the case on the date in the face of the unexcused failure of appellant and his counsel to appear and to establish grounds for continuance.

■ Appellant's point three is not briefed and we are not required to consider the same. However, the contention made, as we understand it, that the trial court erred in hearing the case because it was odd numbered and not transferred from the 23rd to the 130th District Court, is without merit. Under the provisions of Vernon's Ann.Civ.St. Art. 199, Section 130, subsection 5, the judge of either of said courts is authorized to hear and dispose of any suit or proceeding on the general docket, without necessity of transfer. In the case of J. Weingarten, Inc. v. Sanchez, 228 S.W.2d 303 (Tex.Civ.App., Galveston, 1950, n.w.h.) the court discussed the above-mentioned statute in a case arising from Fort Bend County, which along with Wharton, Brazoria and Matagorda counties is within the jurisdiction of both the 23rd and 130th Judicial District Courts. The court held in part as follows:

"* * * In short, the effect of the cited statute is practically to make the jurisdiction of the 23rd and 130th District Courts, and the functions of the judges thereof, as interrelated and interlocking as is possible and yet preserve their identity as separate and distinct district courts."

Appellant's first three points are overruled.

■ Appellant's fourth point is also without merit. The trial court was authorized to find from the evidence adduced, as

it impliedly did in overruling appellant's motion for new trial, that counsel for appellant was not led to believe by the Court Reporter or anyone else that the case would not and could not be heard on Friday, February 23, 1968. The lower court properly overruled appellant's motion for new trial.

The judgment of the trial court is affirmed.